UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSE SERRANO,

                Petitioner,

V.

ROBERT KIRKPATRICK,

                Respondent.

**REPORT AND RECOMMENDATION**

06-CV-990
(NAM/VEB)

---

## I. INTRODUCTION

Petitioner Jose Serrano, by and through his attorney, Robert Rosenthal, Esq., commenced this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner is an inmate at the Wende Correctional Facility. In 2001, he was convicted in a New York State court of two counts of First Degree Sodomy, sixteen counts of First Degree Sexual Abuse, and eighteen counts of Endangering the Welfare of a Child. Petitioner contends that his conviction was imposed in violation of his constitutional rights and should therefore be vacated.

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 19).

## II. BACKGROUND

**A.**    **Facts**

The following factual summary is derived from the state court records. In February

of 1994, Petitioner and his wife became foster parents. Petitioner requested that he and his wife only be given male foster children. Thereafter, in the late 1990s, three different foster children reported that Petitioner was sexually molesting them. The first of the children to report sexual abuse was fourteen-year old Chris O.[1] Chris O. lived in Petitioner's home between July 18, 1997 and September 27, 1997. (T at 517-523, 543-45).[2] Chris O. claimed that Petitioner had given him oral sex, and forced him to perform oral sex on Petitioner, as well as other sexual contact on various occasions. (T at 530-35, 581-83). The authorities told Chris O. he was a liar, and "ruining a good man's life," and he recanted his allegations. (T at 538-39).

The second child to report sexual abuse was a fourteen-year old named Devin. Devin was placed in Petitioner's home between March 1, 1999 and July 27, 1999. Devin claimed that Petitioner touched or grabbed his penis and made other sexual contact. (T at 612-17, 658). Thereafter, twelve-year old Gary, who lived in Petitioner's home from November 1998 until August 1999, also reported sexual abuse. Gary alleged that Petitioner opened his pants and rubbed his penis until he ejaculated. (T at 666-67).

In 2000, one more child came forward with a report against Petitioner of sexual abuse. Twelve-year old Emanuel was in foster care during 2000 and reported that Petitioner touched him in the area of his penis. (T at 836-37). Thereafter, the police investigated and interviewed other children who resided at Petitioner's home. Thirteen year old Nicholas, and fourteen year old Chris P. told the police that Petitioner had sexually

---

[1]This Court will refer to the victims by their first names only in accordance with New York Civil Rights Law § 50-b, which provides that the "identity of any victim of a sex offense . . . shall be confidential."

[2]References preceded by "T" are to the transcript pages of Petitioner's trial.

abused them.  (T at 709-14, 785-88).

The police then brought Petitioner in for questioning.   Petitioner agreed to give a statement and confessed to the abuse of Nicholas, Chris P., Emanuel, Gary, and another boy named Jabar.  Thereafter, the police interviewed Jabar, who was twelve years old at the time he was under Petitioner's foster care, and he detailed the sexual abuse caused by Petitioner.  (T at 748-50).

On November 8, 2000, a Greene County Grand Jury returned Indictment Number 00-139, which charged Petitioner with two counts of Sodomy in the First Degree, in violation of New York Penal Law ("NYPL") §130.50(1)[3]; sixteen counts of Sexual Abuse in the First Degree, in violation of NYPL §130.65(1); and eighteen counts of Endangering the Welfare of a Child, in violation of NYPL § 260.10(1).

### B.     State Trial Court Proceedings

The Honorable George J. Pulver, Greene County Court Judge, presided over Petitioner's trial, which began on April 26, 2001.  Petitioner was represented by Michael A. Feit, Esq.  At the conclusion of the trial, the jury found Petitioner guilty of all the charges against him.  (T at 1498-1505).

On June 26, 2001, Petitioner was sentenced to an aggregate term of 103 ½ to 125 years for his convictions.  (S at 28-38).[4]

---

[3] Unless otherwise indicated, all references to the NYPL are to McKinney 1998.

[4] References preceded by "S" are to the transcript pages of Petitioner's sentencing proceedings.

**C.   State Appellate Proceedings**

Petitioner, represented by Jerald Rosenthal, Esq., appealed his conviction to the Appellate Division, Third Department, of the New York State Supreme Court. Petitioner asserted four arguments before the Appellate Division: (1) that his statements should have been suppressed because they were extracted by "chicanery"; (2) prosecutorial misconduct; (3) that certain judicial instructions, actions and rulings prevented a fair trial; and (4) that his sentence was excessive.

In a decision issued on January 20, 2005, the Appellate Division affirmed Petitioner's conviction. People v. Serrano, 788 N.Y.S.2d 272 (3d Dep't 2005). Petitioner's application for leave to appeal to the Court of Appeals was denied on February 25, 2005. People v.Serrano, 4 N.Y.3d 803 (2005).

On February 21, 2006, Petitioner filed a petition for a writ of error *coram nobis*, arguing ineffective assistance of appellate counsel. On May 17, 2006, the Appellate Division, Third Department, denied Petitioner's motion. On July 24, 2006, the Court of Appeals denied Petitioner leave to appeal.

**D.  Federal Habeas Corpus Proceedings**

Petitioner, represented by Robert Rosenthal, Esq., commenced this action on August 9, 2006, by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). On March 5, 2007, Respondent filed a Response and memorandum of law opposition. (Docket Nos. 13 &14).

For the reasons that follow, this Court recommends that the Petition be DISMISSED.

### III. DISCUSSION

**A.    Federal Habeas Corpus Standard**

Federal habeas corpus review of a state court conviction is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal courts must give substantial deference to a state court determination that has adjudicated a federal constitutional claim "on the merits." 28 U.S.C. § 2254(d); Sellan v. Kuhlman, 261 F.3d 303, 309-10 (2d Cir. 2001). The Second Circuit has stated that an "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan, 261 F.3d at 313 (quotation omitted). The Second Circuit has also held that even a one-word denial of a petitioner's claim is sufficient to constitute an "adjudication on the merits" for purposes of AEDPA. Id. at 312-313.

Specifically, AEDPA requires that where a state court has adjudicated the merits of a Petitioner's federal claim, habeas corpus relief may not be granted unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Both AEDPA and its predecessor statute recognize that a presumption of correctness shall apply to state court findings of fact, Whitaker v. Meachum, 123 F.3d 714, 715 n. 1 (2d

5

Cir. 1997), and AEDPA requires a Petitioner to rebut that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); LanFranco v. Murray, 313 F.3d 112, 117 (2d Cir. 2002). A presumption of correctness applies to findings by both state trial and appellate courts. Galarza v. Keane, 252 F.3d 630, 635 (2d Cir. 2001); Whitaker, 123 F.3d at 715 n.1.

In Williams v. Taylor, 529 U.S. 362, 413 (2000), the Supreme Court defined the phrases "contrary to" and "unreasonable application of" clearly established federal law. A state court decision is "contrary to clearly established federal law . . . if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts." Id.

A state court decision involves "an unreasonable application of" Supreme Court case law if it "identifies the correct governing legal principle from [the Court's] decisions but unreasonably applies that principle to the particular facts of [a] prisoner's case." Id.

Under this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. In order to grant the writ there must be "some increment of incorrectness beyond error," although "the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

**B.     Petitioner's Claims**

Petitioner asserts three (3) claims in support of his request for habeas relief. First, Petitioner argues that he was denied the effective assistance of appellate counsel due to appellate counsel's failure to raise meritorious issues on appeal. Second, Petitioner contends that the trial court's jury charge was overbroad and allowed the jury to reach a verdict based upon theories not presented in the indictment or prosecution's bill of particulars. Third, Petitioner asserts that there was insufficient evidence to support the verdicts with respect to the first degree sexual abuse and sodomy counts. Each claim will be addressed in turn.

### 1.    Ineffective Assistance of Appellate Counsel

To prevail on a claim of ineffective assistance of counsel within the framework established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), a habeas petitioner must satisfy a two-part test. First, the petitioner must demonstrate that counsel's performance was so deficient that counsel was not functioning as "counsel" within the meaning of the Sixth Amendment to the Constitution. Id. at 688. In other words, a petitioner must show that his attorney's performance "fell below an objective standard of reasonableness." Id.

Although Strickland's two-pronged test was originally formulated to judge trial counsel's performance, it applies in the context of evaluating the effectiveness of appellate counsel's representation as well. Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir.1994). To establish that appellate counsel failed to render effective assistance, a petitioner must do more than simply demonstrate that counsel omitted a non-frivolous argument, because appellate counsel is not required to raise all potentially colorable arguments. Id. (citing Jones v. Barnes, 463 U.S. 745, 754 (1983)).

Failure to raise an argument on appeal constitutes ineffective assistance only when the omitted issue is clearly stronger and more significant than those presented. See id. (citing Gray v. Greer, 800 F.2d 644, 646 (7th Cir.1986)).

To establish the requisite level of prejudice resulting from appellate counsel's shortcomings, a petitioner must establish that there is a reasonable probability that the omitted "claim would have been successful before the [state's highest court]." Id. (quoting Claudio v. Scully, 982 F.2d 798, 803-05 (2d Cir.1992)); see also People v. La Hoz, 131 A.D.2d 154, 158 (App.Div. 1st Dept.1987) ("The burden lies with those raising the issue to rebut the presumption that counsel has been effective. The mere existence of an unraised issue will not suffice. A defendant must show that had the issue been raised a greater likelihood would exist that the judgment would have been reversed, or at least, modified. The right of appeal only guarantees review, not reversal.").

Second, the petitioner must show that counsel's deficient performance prejudiced him. Id. at 694. To establish the "prejudice" prong of the Strickland test, a petitioner must show that a "reasonable probability" exists that, but for counsel's error, the outcome of the trial would have been different. Id. at 694. The issue of prejudice need not be addressed, however, if a petitioner is unable to demonstrate first that his counsel's performance was inadequate. "[T]here is no reason for a court deciding an ineffective assistance claim to ... address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Petitioner asserts that the trial court's instructions to the jury on "forcible compulsion" and "immediate physical injury" were flawed in light of the contents of the indictment and bill of particulars. Petitioner contends that his appellate counsel improperly failed to raise this

8

issue on direct appeal.

Petitioner asserted this claim in his writ of error *coram nobis* petition, which was summarily denied by the Appellate Division. Thus, the question before this Court is whether the Appellate Division's decision was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. See Mosby v. Senkowski, 470 F.3d 515, 519 (2d Cir. 2006) ("Although the Appellate Division's summary rejection of Mosby's coram nobis petition did not mention Mosby's federal claim, it nonetheless constituted an adjudication on the merits.").

It is settled law in New York State that in order to preserve for appellate review a claim that a jury instruction was erroneous at trial, a defendant must register a timely, specific objection to each instance of alleged error pursuant to C.P.L. § 470.05(2). The failure to do so renders the claim unpreserved and leaves the appellate court no basis to review the claim. See, e.g., People v. Boyd, 865 N.Y.S.2d 71, 78 (1st Dep't 2008); People v. Sala, 95 N.Y.2d 254, 716 N.YS.2d 361 (N.Y. 2000); People v. Williams, 8 N.Y.3d 854, 855 (N.Y.2007); People v. Miles, 36 A.D.3d 1021, 27 N.Y.S.2d 348, 351 (3d Dept.2007); People v. Davenport, 35 A.D.3d 1277, 825 N.Y.S.2d 864, 865 (4th Dept.2006); People v. Aponte, 28 A.D.3d 672, 813 N.Y.S.2d 224, 225 (2d Dept.2006); People v. Jackson, 304 A.D.2d 327, 328, 756 N.Y.S.2d 580, 582 (1st Dept.2003).

New York appellate courts consistently demand strict compliance with the contemporaneous objection rule, as the above-referenced New York precedent makes clear. A review of the trial transcript reveals that Petitioner's trial counsel did not lodge a

contemporaneous objection at trial to the instruction that is the subject of his erred jury instruction claim. See (T at 1438-1448). Additionally, Petitioner's trial counsel did not object to the use of the "forcible compulsion" language during the charge conference prior to the instruction being issued to the jury.[5] (T at 1295-97). Petitioner's habeas counsel does not address this fundamental, and threshold, question of whether the claims were preserved for appellate review by contemporaneous objection. (Docket No. 1 at 33-37). This question is key because appellate counsel's decision as to whether to raise a particular claim is obviously and properly impacted if the claim is unpreserved.

This Court finds that appellate counsel's decision not to raise unpreserved claims of error in the jury instruction does not amount to unconstitutional ineffective assistance of appellate counsel. See Clarke v. Goord, No. 07-CV-0366, 2007 WL 2324965, at *6 (E.D.N.Y. 2007) ("It cannot be unreasonable for appellate counsel not to raise an unpreserved issue on appeal."); see also Aparicio v. Artuz, 269 F.3d 78, 96 (2d Cir. 2001) (holding that appellate counsel was not ineffective for failing to raise clearly unpreserved claim); Weathers v. Conway, No. 05-CV-139S, 2007 WL 2344858, at *5 (W.D.N.Y. Aug. 15, 2007) (denying ineffective assistance of appellate counsel claim because petitioner failed to "demonstrate that the outcome of the appeal would have been different had an unpreserved issue been raised, where there [was] no basis to conclude that the appellate court would have considered the issue on the merits.").

---

[5] Petitioner's trial counsel did object during the charge conference to another portion of this instruction relating to language regarding Petitioner's position as an authority figure over the victims, however, Petitioner does not now contest that portion of the charge in this claim for habeas relief. (T at 1295-1297; Docket No. 1 at 33-37). It should also be noted that Petitioner has not asserted a claim for ineffective assistance of trial counsel or alleged that his appellate counsel was ineffective for failing to raise such a claim. No such claims were presented to the state courts either.

10

Accordingly, this Court finds that Petitioner has not established that the Appellate Division's decision denying this aspect of his writ of error *coram nobis* was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, and should be DISMISSED.

### 2.	Improper Jury Instruction

In his second claim for relief, Petitioner asserts that the trial court's jury charge included an improper instruction, which allowed the jury to reach a guilty verdict based upon theories not presented in the indictment or bill of particulars. Although Petitioner's counsel styles this claim as a separate claim for relief, it appears that he may simply be articulating the argument that he believes appellate counsel should have made on appeal. See (Docket No. 1, at p. 33, at ¶ 104). To the extent that Petitioner asserts the claim as a separate claim for habeas relief based upon a violation of constitutional due process, it is unexhausted because it was never presented to the state courts.[6] To the extent that the "claim" is intended as part of Petitioner's ineffective assistance of appellate counsel argument, it fails for the reasons set forth above, namely, that appellate counsel was not ineffective for deciding not to raise a claim that had not been preserved for appellate review. Therefore,

---

[6]This Court need not afford Petitioner with an opportunity to exhaust this claim because the New York courts would find the claim procedurally barred pursuant to C.P.L. § 440.10(2)(c). See Grey v. Hoke, 933 F.2d 117,120 (2d Cir.1991) ("For exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.'") (quoting Harris v. Reed, 489 U.S. 255, 263 n. 9, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)). Petitioner has not alleged or established cause or prejudice sufficient to overcome such a procedural bar, which would be required to permit habeas review of this claim.

11

this claim for habeas relief should be DISMISSED.

### 3. Sufficiency of the Evidence

In his third claim, Petitioner asserts that the evidence with respect to the first degree sodomy and sexual abuse counts was insufficient to support the jury's verdicts as to those counts. Once again, it is not clear whether Petitioner is attempting to assert a "stand alone" claim based upon the alleged insufficiency of the evidence or whether he is articulating an argument that appellate counsel should have raised on direct appeal. To the extent that Petitioner is attempting to raise a substantive claim based upon the alleged insufficiency of the evidence, that claim should be denied as unexhausted and procedurally barred. To the extent that Petitioner is claiming that his appellate counsel was ineffective for failing to argue that the evidence was legally insufficient, the claim fails for the following reasons.

As set forth above, failure to raise an unpreserved claim does amount to ineffective assistance of appellate counsel. See Clarke 07-CV-0366, 2007 WL 2324965, at *6 (E.D.N.Y. 2007) ("It cannot be unreasonable for appellate counsel not to raise an unpreserved issue on appeal."); see also Aparicio, 269 F.3d at 96 (appellate counsel not ineffective for failing to raise clearly unpreserved claim).

New York appellate courts demand more than just a general motion to dismiss at the close of evidence in order to preserve a claim for insufficient evidence for failure to establish a particular element of a crime. See People v. Gray, 86 N.Y.2d 10, 20-21 (N.Y. 1995)(stating that under CPL §470.15(4)(b), "even when a motion to dismiss for insufficient evidence [is] made, the preservation requirement compels that the argument be specifically directed at the alleged error"); People v. Bynum, 70 N.Y.2d 858, 859 (N.Y. 1987)(holding

that general motion to dismiss at close of evidence is insufficient to preserve claim for appeal).

This New York state rule has been recognized by the Second Circuit Court of Appeals and other courts in this Circuit. See Dixon v. Miller, 293 F.3d 74, 79-80 (2d Cir. 2002)(quoting Gray and noting that "for an argument concerning the sufficiency of the evidence to be preserved, it must be 'specifically directed' at the alleged error"): see also Brito v. Phillips, 485 F.Supp2d 357, 361-62 (S.D.N.Y. 2007)("trial counsel's general motion to dismiss all charges at the close of the evidence because there was not sufficient credible evidence for a jury to return a verdict of guilt" did not preserve for appeal the contention that there was evidence sufficient only to support a charge of intentional, rather than depraved indifference murder")(internal quotations omitted); Rivera v. Ercole, No. 07 Civ. 3577, 2007 WL 2706274 at *14 (S.D.N.Y. Sep.18, 2007) (holding the same).

In the present case, Petitioner contends that appellate counsel should have argued that proof of intent to use forcible compulsion was required to commit the first degree sex crimes charged in the indictment; that a finding of forcible compulsion via threat required proof that the threat of death or immediate physical injury, which was lacking in this case; and that forcible compulsion cannot be established solely on the basis of superior age, authority, size or strength.

At the close of the prosecution's case, Petitioner's trial counsel made an oral motion to dismiss the indictment based upon the alleged insufficiency of the evidence. Trial counsel's motion was not specifically directed to the matters raised in the instant claim for habeas relief. Rather, the motion generally attacks the credibility of the prosecution

13

witnesses and summarily asserts that the prosecution failed to meet its burden of proof.[7] (T at 1039-1043).

This Court finds that because Petitioner's trial counsel did not preserve the particular insufficiency of the evidence claims asserted herein by specific reference in his motion to dismiss, the Appellate Division's rejection of the writ of error *coram nobis* on this basis was not an unreasonable application of clearly established federal law as determined by the Supreme Court in Strickland. "By failing to raise an argument that was waived, [Petitioner's] appellate counsel's performance neither fell below 'prevailing professional norms,' nor did it prejudice his defense." Brito, 485 F. Supp. 2d at 364.  As such, this claim should also be DISMISSED.

## IV. CONCLUSION

For the reasons stated above, the Court recommends Jose Serrano's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that the Petition be dismissed.  Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue.  See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

---

[7]It is again noted that no claim of ineffective assistance of trial counsel has been asserted either in the Petition or before the state courts.  Likewise, there is no claim that appellate counsel was ineffective for failing to argue trial counsel's ineffectiveness as to this issue.

DATED:     June 25, 2008

          Syracuse, New York

Victor E. Bianchini
United States Magistrate Judge

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule

72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

June 25, 2008

Victor E. Bianchini
United States Magistrate Judge