UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**JOSE SERRANO,**

                              **Petitioner,**

                 **-v-**                                                                    **9:06-CV-990**

**ROBERT KIRKPATRICK,**

                              **Respondent.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

Robert Rosenthal, Esq.
Suite 8D
523 East 14th Street
New York, New York 10009
Attorney for Petitioner

Hon. Andrew M. Cuomo, Attorney General of the State of New York
Michelle Elaine Maerov, Esq., Assistant Attorney General
120 Broadway
New York, New York 10271
Attorney for Respondent

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

      Petitioner, an inmate in the custody of the New York State Department of Correctional Services, brought this proceeding for habeas corpus under 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge Victor E. Bianchini pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.4. Magistrate Judge Bianchini issued a Report and Recommendation (Dkt. No. 21) recommending that the petition be denied and dismissed.

      Petitioner has interposed objections (Dkt. No. 23). Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a magistrate judge's report and recommendation to

which a party specifically objects.  Where only general objections are filed, the Court reviews for clear error.  *See Brown v. Peters*, 1997 WL 599355,*2-*3 (N.D.N.Y. Sept. 22, 1997), *aff'd without op.*, 175 F.3d 1007 (2d Cir. 1999).  Failure to object to any portion of a report and recommendation waives further judicial review of the matters therein.  *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993).  For the reasons set forth below, the Court accepts the Report and Recommendation and dismisses the petition.

Briefly, the procedural history is as follows.  Petitioner was convicted by a jury of two counts of first-degree sodomy, sixteen counts of first-degree sexual abuse, and eighteen counts of endangering the welfare of a child, stemming from his conduct with a number of male foster children placed in his home.  On appeal, the Third Department upheld the conviction, *People v. Serrano*, 788 N.Y.S.2d 272 (3d Dep't 2005), and the Court of Appeals denied leave to appeal.  4 N.Y.3d 803 (2005).  Thereafter, petitioner filed a petition for a writ of error *coram nobis*, arguing ineffective assistance of appellate counsel.  On May 17, 2006, the Third Department denied the petition, and on July 24, 2006, the Court of Appeals denied leave to appeal.

This Court adopts Magistrate Judge Bianchini's discussion of the facts and applicable law. The Court notes that the arguments petitioner's counsel raised on the direct appeal were meritorious and were based in part on preserved objections.  Upon the entire record, the conduct of petitioner's appellate counsel in advancing these meritorious issues – in particular the admissibility of petitioner's confession – constitutes meaningful representation, and the Court agrees with Magistrate Judge Bianchini that petitioner has failed to rebut the strong presumption that counsel's performance was within the wide range of reasonable professional assistance. Accordingly, on review of the entire record, including the indictment, trial transcript, and jury

charge, this Court agrees with Magistrate Judge Bianchini that "appellate counsel's decision not to raise unpreserved claims of error in the jury instruction does not amount to unconstitutional ineffective assistance of appellate counsel."

In his objection to the Report and Recommendation, petitioner takes issue with the following statement by Magistrate Judge Bianchini: "It is settled law in New York State that in order to preserve for appellate review a claim that a jury instruction was erroneous at trial, a defendant must register a timely, specific objection to each instance of alleged error pursuant to C.P.L. § 470.05(2). The failure to do so renders the claim unpreserved and leaves the appellate court no basis to review the claim [citations omitted]." Petitioner points out that New York State's intermediate appellate courts have the discretion to reach unpreserved error in the interest of justice, and that therefore counsel on the direct appeal could have argued that the alleged jury-charge errors on which petitioner now relies warranted consideration in the interest of justice despite the fact that they were not preserved at trial. It is true that appellate counsel could have made this argument; however, on review of the entire record, particularly the jury charge, this Court finds no reason to believe that the Third Department would have exercised its discretion on the direct appeal to reach the unpreserved jury-charge issue in the interest of justice on the ground that defendant was deprived of a fair trial or on any other ground. The fact that appellate counsel did not make this argument falls far short of meeting petitioner's burden of showing that the representation he received fell below an objective standard of reasonableness and that there was a reasonable possibility that, but for counsel's errors, the result of the appeal would have been different.

On *de novo* review, the Court finds no basis on this record to find that petitioner was

denied his constitutional right to the assistance of counsel, or that the denial of his *coram nobis* application was in any manner contrary to federal law, involved an unreasonable application of Supreme Court precedent, or was based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d).  The petition for a writ of *habeas corpus* is denied in its entirety and the proceeding is dismissed.  Since petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c)(2).

It is therefore

ORDERED that the Report and Recommendation of United States Magistrate Judge Victor E. Bianchini (Dkt. No. 21) is accepted; and it is further

ORDERED that for the reasons set forth in the Report and Recommendation and the Memorandum-Decision and Order herein, the petition is denied and dismissed; and it is further

ORDERED that a certificate of appealability will not issue.

IT IS SO ORDERED.

September 17, 2008
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge